**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.   10-cv-02788-WJM-MJW

TRANSMONTAIGNE PRODUCT SERVICES INC., a Delaware corporation,

Plaintiff,

v.

DANFAIR PROPERTIES, INC., a Georgia corporation;
REGINALD S. DANIEL; and
PHYLLIS H. DANIEL, individuals,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTIONS FOR ORDER
TO SHOW CAUSE AND FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff's Motion for Summary Judgment filed April 27, 2011 (ECF No.27) and on its Motion for Order to Show Cause Why Summary Judgment Should Not be Granted (ECF No. 34) filed June 28, 2011.  For the reasons stated below, Plaintiff's Motion for Summary Judgement is GRANTED and Plaintiff's Motion for Order to Show Cause is GRANTED.

**BACKGROUND**

On April 27, 2011 Plaintiff, Transmontaigne Product Services Inc. ("Transmontaigne"), filed a Motion for Summary Judgment (ECF No. 27).  Defendant, Danfair Properties, Inc., ("Danfair") was to respond to Transmontaigne's Motion for Summary Judgment on or before May 13, 2011 pursuant to D.C.COLO.L.Civ.R. 56.1

1

("A response brief shall be filed within 21 days after the date of service of the motion, or such other time as the court may order."). On June 28, 2011, Transmontaigne filed a Motion for Order to Show Cause Why Summary Judgment Should Not Be Granted (ECF No. 34).

On June 29, 2011 this Court ordered Danfair to respond to Transmontaigne's Motion for Order to Show Cause on or before July 8, 2011 (ECF No. 35). Defendant Reginald S. Daniel and Phyllis H. Daniel were not required to respond to the Order to Show Cause as a result of the Suggestion of Bankruptcy filed by them on May 19, 2011 (ECF No. 29), which through the filing of their bankruptcy petition resulted in an automatic stay of all proceedings pursuant to Title 11 of the United States Code Section 362(a).

In its response to this Court's Order filed July 8, 2011, Danfair stated that due to "a negative net worth", Danfair did not object to the relief sought by Transmontaigne in its Motion for Summary Judgment. (ECF No. 36).

## ANALYSIS

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A failure to respond to a motion for summary judgment "constitutes an admission. . .that there are no disputed issues of genuine fact. . .". *See Terrell v. American Drug Stores*, 65 Fed. Appx. 77 (7th Cir. 2003) (quoting *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995)). Given Danfair's decision not to object to the relief sought in the Motion for Summary Judgment, it has definitively established that there is no genuine dispute as to any

material fact and, having confessed the Motion, there is no question but that in these circumstances granting summary judgment in favor of Plaintiff is proper. *See, Anchorage Associates v. Virgin Island Bd. Of Tax Review*, 922 F.2d 168, 176 (3d Cir. 1990); Fed.R.Civ.P. 56, Adv. Comm. Notes to 2010 Amend. ("Subdivision (e)(2) authorizes the court to consider a fact as undisputed for purposes of the motion when response or reply requirements are not satisfied.").

Furthermore, summary judgment can be granted without a hearing upon the review and examination of the supporting documentation used in evaluating the merits of the motion. *See Geear v. Boulder Community Hospital*, 44 F.2d 764, 766 (10th Cir. 1988) (where non-movant failed to respond to motion for summary judgment, district court's review of briefs and other submitted materials satisfied "hearing" requirement of Fed.R.Civ.P. 56); *Anchorage Associates*, 922 F.2d at 178 (where non-movant fails to respond to motion for summary judgment "district court may process the motion in accordance with Rule 56 without scheduling a hearing").

Accordingly, the Court having reviewed and considered Plaintiff's Motion for Summary Judgment, Defendant Danfair's response to the Motion for Order to Show Cause, the full record in this case, and being otherwise fully advised, hereby ORDERS as follows:

1. Plaintiff's Motion for Order to Show Cause is GRANTED; said Order is deemed as having been issued and made ABSOLUTE by the granting of the relief sought by Plaintiff herein;

2. Plaintiff's Motion for Summary Judgment on its claims against Defendant Danfair Properties, Inc. is GRANTED; and

3. Judgment shall enter in favor of Plaintiff and against Defendant Danfair Properties, Inc. in the following amounts:

   a. Damages in the amount of $647,916.48, plus interest;

   b. Attorney's fees in the amount of $18,507.50; and

   c. Costs in the amount of $505.32.

Dated this 13th day of July, 2011.

BY THE COURT:

_____
William J. Martínez
United States District Judge