**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.: 10-cv-02788-WJM-MJW

TRANSMONTAIGNE PRODUCT SERVICES INC., a Delaware corporation,

Plaintiff,

v.

DANFAIR PROPERTIES, INC., a Georgia corporation;
REGINALD S. DANIEL; and
PHYLLIS H. DANIEL, individuals,

    Defendants.

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Certify This Court's July 13, 2011, Order as Final Pursuant to Rule 54(b) ("Motion to Certify"), ECF No. 41, and Plaintiff's Motion for Order to Show Cause Why This Court's July 13, 2011, Order Should Not be Certified as Final Pursuant to Rule 54(b) ("Motion for Order to Show Cause"), ECF No. 42.  Defendant Danfair Properties, Inc. ("Danfair") has not filed objections to the motions.  For the following reasons, the Motion to Certify is GRANTED.

**BACKGROUND**

On April 27, 2011, Plaintiff filed a Motion for Summary Judgment. (ECF No. 27.) On July 8, 2011, following an Order to Show Cause, Danfair stated that it did not object to the relief sought by Plaintiff in the Motion for Summary Judgment. (ECF No. 36.)  On July 13, 2011, the Court issued an order ("July 13, 2011 Order") granting Plaintiff's

Motion for Summary Judgment on the claim asserted against Danfair. (ECF No. 37.) The claim against Defendants Reginald and Phyllis Daniel (the "Daniels") remains pending pursuant to a stay entered in the matter on said claim on May 19, 2011, following entry of the Daniels' Suggestion of Bankruptcy. (ECF Nos. 29, 32.) Plaintiff here requests the Court certify as final the July 13, 2011 Order against Danfair. (ECF No. 41.)

## DISCUSSION

Rule 54(b) provides in pertinent part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

In order to grant certification under Rule 54(b), the Court must find (1) that the judgment upon which certification is sought is final "in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action," and (2) that there is no just reason to delay entry of judgment. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980); *see also Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005); Okla. *Tpk. Auth. v. Brunner*, 259 F.3d 1236, 1242 (10th Cir. 2001).

In determining that there is no just reason for delay, the Court must act as a "dispatcher" weighing the policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal. *Id.* The Court must consider "whether the claims under review [are] separable from the others remaining to be adjudicated and

whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* The Court has discretion to grant or deny certification "in the interest of sound judicial administration." *Id.*

### *Finality*

The Court finds the July 13, 2011 Order is final in that it constitutes the ultimate disposition of the claim against Danfair. The only claim remaining in this action is against the Daniels. Thus, the Court finds that the July 13, 2011 Order is a final order for purposes of Rule 54(b) as to the claim against Danfair.

### *No Just Reason for Delay*

Here, there is a stay on the matter as to the claim against the Daniels, but not as to the claim against Danfair. The Court finds that Plaintiff's claim against Danfair is distinct from the claim against the Daniels. Accordingly, the Court finds that there is no just reason to delay the entry of judgment on that claim pending resolution of the Daniels' bankruptcy proceedings. *See Richfield Hospitality, Inc. v. Shubh Hotels Pittsburgh, LLC*, No. 10-cv-00526-PAB-MJW, 2010 WL 5129532, at *3 (D. Colo. Dec. 9, 2010) (holding there was no just reason to delay resolution of an unrelated claim against a non-bankrupt party where it was "not clear when the bankruptcy stay . . . will be lifted").

### **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that:

1) Plaintiff's Motion to Certify, ECF No. 41, is GRANTED pursuant to Rule

        54(b);

2)     The Clerk of the Court shall enter the appropriate judgment against Danfair; and

3)     Plaintiff's Motion for Order to Show Cause, ECF No. 42, is DENIED as MOOT.

Dated this 30th day of August, 2011.

BY THE COURT:

William J. Martínez
United States District Judge